IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK STOKES, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : | No. 13-4054 |
| Respondents. | : | |

**REPORT & RECOMMENDATION**

TIMOTHY R. RICE  October 21, 2013
U.S. MAGISTRATE JUDGE

Petitioner Derrick Stokes, a prisoner at the Pennsylvania State Correctional Institution at Forest ("SCI Forest"), has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  I recommend Stoke's claims be denied with prejudice as untimely.[2]

**FACTUAL AND PROCEDURAL HISTORY**

Stokes was convicted of aggravated assault in September 2004 and sentenced to ten to twenty years of imprisonment in December 2004.  See Commonwealth v. Stokes, CP-51-CR-

---

[1] Stokes also has failed to name the warden of SCI Forest in his petition. See 28 U.S.C § 2243 (writ of habeas corpus "shall be directed to the person having custody of the person detained"); see also § 2242; Rule 2(a), Rules Governing Section 2254 Cases; Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("[T]he warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action."). Although habeas petitions may be amended under § 2242 and Federal Rule of Civil Procedure 15 to add a proper respondent, it would be futile to allow Stokes amend his petition because it is untimely. See 28 U.S.C § 2242; Forman v. Davis, 371 U.S. 178, 182 (1962) (amendments properly denied under Rule 15 where they are futile); Dorsey v. Angelini, No. 07-1092, 2008 WL 4279614, at n.1 (M.D. Pa. Sept. 15, 2008) (allowing amendment to name proper respondent unnecessary where habeas claims were unexhausted).

[2] Because it is clear from Stokes' petition and the exhibits attached to his petition that he is not entitled to relief, I did not order an answer from the Commonwealth. See Habeas Corpus Rule 4.

1

1207951-2002, Crim. Docket at 9, 12; 4/20/2012 Super. Ct. Op. (attached to Habeas Pet.) at 1. The Superior Court affirmed Stokes' sentence on April 3, 2009, and the Pennsylvania Supreme Court denied review on September 28, 2009. See Crim. Docket at 17; 4/20/2012 Super. Ct. Op. at 2. Stokes did not seek further review from the United States Supreme Court.

On June 14, 2010, Stokes filed a counseled petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541 et seq. ("PCRA"). See Crim. Docket at 17; 4/20/2012 Op. at 2; 6/14/2010 PCRA Petition (attached to Habeas Pet.). The PCRA court denied the petition in March 2011 and the Superior Court affirmed in April 2012. See Crim. Docket at 18-19; 4/20/2012 Super. Ct. Op. at 1-2. The Pennsylvania Supreme Court denied review on August 28, 2012. See Crim. Docket at 19; 8/28/2012 Order (attached to Habeas Pet.).

On July 1, 2013, Stokes filed his habeas petition, alleging; (1) the evidence was insufficient to support his aggravated assault conviction; (2) his right to a speedy trial was violated; (3) he was denied due process of law and effective assistance of counsel based on various failures by his trial counsel; (4) the jury was not instructed about lesser included offenses; and (5) his rights to due process were violated because statutes were improperly interpreted, the evidence against him was insufficient, and the jury's verdict was contrary to the law and based on suspicion.[3] See Habeas Pet. at 8-15; Habeas Br. at 9- 48.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review of the expiration of the time for seeking such review."

---

[3] Stokes also presents law concerning the equal protection and ex post facto clauses, but does not explain how those clauses were violated in his case. See Habeas Br. at 46-A, 48.

Id. § 2244(d)(1)(A). A petitioner, however, may establish that the limitation period begins after the final judgment date by showing that one of the following alternative start dates applies to his claims:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(B)-(D); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (petitioner must prove "all facts entitling him to" habeas relief). This limitations period also may be statutorily or equitably tolled. See 28 U.S.C. § 2244(d)(2); Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

Stokes' sentence became final on December 28, 2009, ninety days after the Pennsylvania Supreme Court denied review of the case. See § 2244(d)(1)(A); U.S. S. Ct. Rule 13 (allowing ninety days to file a petition for writ of certiorari with the United States Supreme Court); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (judgment of sentence becomes final at conclusion of direct review or expiration of time for seeking such review). Based on the general rule concerning the habeas limitations period, Stokes needed to file his federal habeas petition within one year of this final judgment date, or by February 1, 2011. See § 2244(d)(1)(A). Stokes, however, filed his habeas petition more than two years later in July 2013. Stokes' petition is untimely unless he shows that he qualifies for an alternative start date of the limitations period or the limitations period should be tolled so as to make his petition timely.

3

Alternative Start Date of Limitations Period

Stokes does not allege, and I do not find, that his limitations period should have started accruing after his final judgment date pursuant to § 2244(d)(1)(B), (C), or (D). There is no evidence that: (a) he was impeded by some state action that was removed: (b) his claims concern a newly recognized constitutional right; or (c) his claims are based on newly discovered facts. Thus, Stokes' habeas limitations period began accruing when his judgment became final in February 2011.

Statutory or Equitable Tolling

The AEDPA permits the one-year habeas limitations period to be statutorily tolled while a properly filed collateral petition is pending. See § 2244(d)(2). Stokes properly filed his PCRA petition on June 14, 2010, 168 days into his federal limitations period. Stokes' habeas limitations period, therefore, was tolled from that date until August 28, 2012, when the Pennsylvania Supreme Court denied further review of his PCRA petition. See Lawrence v. Florida, 549 U.S. 327, 337 (2007) (collateral petition stops pending after highest level of state court denies review or time for seeking additional review from state courts expires). At that point, Stokes had 197 days, or until March 13, 2013, to file his habeas petition. Because Stokes did not file his habeas petition until July 2013, more than three months after that date, he cannot benefit from statutory tolling.

Stokes also does not allege that he is entitled to equitable tolling, or that some extraordinary circumstance prevented him from filing a timely federal habeas petition. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (petitioner is entitled to equitable tolling of the one-year limitations period only if he demonstrates that: (1) "'he has been pursuing his rights diligently,'" and (2) "'some extraordinary circumstances stood in his way' and prevented timely

4

filing.") (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). I also cannot find any evidence to justify equitable tolling. Stokes, therefore, cannot benefit from equitable tolling and his habeas petition must be deemed untimely.

Accordingly, I make the following:

### RECOMMENDATION

AND NOW, on October 21, 2013, it is respectfully recommended that the petition for writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability. The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy. <u>See</u> Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. <u>See</u> <u>Leyva v. Williams,</u> 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ Timothy R. Rice_____
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE